IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BRYON YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-0651-CV-W-HFS |
| | ) | |
| TIME WARNER CABLE CAPITAL, L.P. | ) | |
| d/b/a TIME WARNER CABLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM TO COUNSEL**

Plaintiff's complaint in this case alleges that his employment was unlawfully terminated in late 2002 as a result of racial discrimination. The parties have reported a discovery dispute regarding four of plaintiff's requests for production of documents.[1] Two issues are presented. First, plaintiff seeks production of defendants' affirmative action plans, EEO-1 reports and EEO-1 consolidated reports for the year 2005 (RPD Nos. 9, 21, 22). Second, plaintiff seeks production of the personnel file of Geri Watts, who was apparently the director of human resources prior to and

---

[1] It is not clear when the requests for production at issue were served, nor is it clear when the disputes on those discovery requests arose. The original scheduling order in this case was entered on January 3, 2005, and the court's records reflect that the parties served their initial disclosures shortly thereafter. Thus, the parties have had more than a year to complete discovery in this case.

at the time of plaintiff's termination by defendants (RPD No. 32).[2] Ms. Watts is no longer employed by defendants.

The court has carefully reviewed the parties' faxed submissions dated January 13, 2006, as well as relevant case law. With regard to the first issue, defendants need not produce their affirmative action plans, EEO-1 reports and EEO-1 consolidated reports for the year 2005. Notably, plaintiff's administrative charge does not include (or even hint at) a "pattern and practice" of discrimination, so his ability to pursue such a claim in this court (although defendants have not yet formally challenged it) is questionable at best. See, e.g., Kasali v. J.P Morgan/Chase Manhattan Mortgage Corp., No. Civ.A04-500, 2004 WL 2252118, at *1, n.1 (E.D. Pa. Sept. 28, 2004); Richane v. Fairport Cent. Sch. Dist., 179 F. Supp. 2d 81, 92 n.6 (W.D.N.Y. 2001); Richardson-Longmire v. Kansas, No. CIV. A. 97-2679-KHV, 1999 WL 156168, at *7 (D. Kan. Mar. 8, 1999). Given the apparent absence of a proper foundation for a pattern and practice claim, the court finds that plaintiff has not demonstrated entitlement to the documents at issue, pertaining to events that occurred 2-3 years after plaintiff's termination. Based on the current information, those documents are not relevant to this case.

---

[2]Plaintiff sought an expedited ruling on this issue in particular, noting that Ms. Watts' deposition was scheduled for Monday, January 16, 2006, a court holiday. If the matter had been brought to the court's attention earlier this week, a ruling affecting the planned deposition might have been possible. Unfortunately, the court received the last of the supporting documents relative to the dispute – namely, plaintiff's summary of his position – at 12:23 p.m. on Friday, January 13, and there was insufficient time to decide the issue before the close of business that day. Of course, the purported need for an expedited ruling could have been avoided if the parties had worked together to schedule Ms. Watts' deposition for a date earlier than the day before the close of discovery in this case, January 17, 2006.

2

As to the second issue, the court finds that plaintiff is entitled to Geri Watts' complete personnel file.[3] At this stage of the case, there seems to be a factual dispute as to whether Ms. Watts had any input or involvement in defendants' decision to terminate plaintiff's employment.[4] So, at least at this point, there is reason to believe that Ms. Watts' personnel file may lead to the discovery of admissible evidence.[5] Whether the documents in Ms. Watts' file would be admissible at trial is an issue for another day.

        /s/ Howard F. Sachs
        HOWARD F. SACHS
        UNITED STATES DISTRICT JUDGE

January 17, 2006

Kansas City, Missouri

---

[3] The September 16, 2005 protective order in this case should take care of any privacy concerns defendants may have with respect to the file.

[4] This preliminary conclusion is based on the limited information supplied. If and when a dispositive motion is filed, the court will freshly evaluate whether this amounts to a genuine issue of material fact sufficient to avoid summary disposition of any of plaintiff's claims.

[5] If deemed necessary, the court would entertain a motion to extend discovery for the limited purpose of reopening Ms. Watts' deposition to explore appropriate matters in her personnel file.