IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRYON YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-0651-CV-W-HFS |
| ) | |
| TIME WARNER CABLE CAPITAL, L.P., ) | |
| d/b/a TIME WARNER CABLE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

On August 1, 2006, the court granted in part and denied in part Time Warner's[1] motion for summary judgment. Plaintiff's claims of pattern or practice discrimination, hostile work environment and failure to promote were dismissed. His retaliation claim survived summary judgment, and this case is specially set for trial during the week of October 30, 2006. On September 8, 2006, Time Warner filed a motion to dismiss or, in the alternative, motion for summary judgment on plaintiff's remaining claim. Time Warner argues that because plaintiff failed to disclose this case against Time Warner as an asset in his bankruptcy filings, the court should dismiss the case on judicial estoppel grounds. For the reasons discussed below, Time Warner's motion will be denied.

**I. Background**

On July 26, 2004, plaintiff filed this employment discrimination case against Time Warner. Some four months later, on November 12, 2004, plaintiff filed a voluntary petition for bankruptcy

---

[1]Three related entities are named as defendants: Time Warner Cable Capital, L.P., d/b/a Time Warner Cable; TWC Holdings, LLC, d/b/a Time Warner Cable; and KCCP Trust, d/b/a Time Warner Cable. In this order, the court will refer to these defendants collectively as "Time Warner."

under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Missouri, Case No. 04-47111-drd13.[2] Defs.' Ex. A. In his Statement of Financial Affairs, filed November 18, 2004, plaintiff was required to list "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." Defs.' Ex. B. Plaintiff's response was "None." Id. In Schedule B to his bankruptcy petition, also filed November 18, 2004, plaintiff was required to list all personal property, but he did not list his case against Time Warner. Defs.' Ex. F.[3]

On March 3, 2005, Time Warner served its First Interrogatories and Request for Production of Documents on plaintiff. Interrogatory 14 asked plaintiff to "[l]ist the court/agency name, the caption/case name, the case number, and the filing date of each and every administrative, civil, or criminal proceeding to which you have ever been a party." Defs.' Ex. C. On April 15, 2005, plaintiff served his answers and objections. Id. In response to Interrogatory 14, plaintiff did not list his Chapter 13 bankruptcy case. Id. Meanwhile, on March 21, 2005, the Bankruptcy Court confirmed plaintiff's Chapter 13 Plan. Under the Plan, plaintiff's secured and unsecured creditors are to be repaid 100 percent of what he owes them, and plaintiff must pay $1,210.00 per month (via a voluntary wage assignment from his paychecks) until all creditors are paid in full. Plf.'s Ex. A.

---

[2]The court takes judicial notice of the pleadings in plaintiff's bankruptcy case, several of which are attached as exhibits in the parties' briefing. See Stutzka v. McCarville, 420 F.3d 757, 760-61 n.2 (8th Cir. 2005).

[3]Although the lawsuit would likely fall under the Schedule B category titled "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," plaintiff also could have listed that asset under the category titled "Other personal property of any kind not already listed." Instead, he indicated "None" in response to each of those categories. Defs.' Ex. F.

2

Plaintiff has been making payments since the Plan's confirmation, and his bankruptcy case remains open.

On August 1, 2006, the court granted in part and denied in part Time Warner's motion for summary judgment. Plaintiff served his supplemental answers to the Time Warner's interrogatories on August 7, 2006; Time Warner apparently received them on August 8, 2006. Defs.' Ex. D. In supplementing his answer to Interrogatory 14, plaintiff stated that as a result of the financial strain placed on him by his termination from Time Warner, he was "forced" to file for Chapter 13 bankruptcy protection on November 12, 2004; he provided the court name and the case number. Id. Also on August 7, 2006, plaintiff's attorney in this case, Luis Mata, signed and had notarized an affidavit for submission to the Bankruptcy Court concerning this case. Defs.' Ex. H. Mata's affidavit states that his employment is for the limited purpose of representing plaintiff in connection with a pending employment discrimination case; he provided this court's name and the case number. Id. Plaintiff's bankruptcy attorney filed Mata's affidavit in the Bankruptcy Court on August 24, 2006.[4]

---

[4] Time Warner notes that on August 11, 2006, plaintiff filed a motion to employ Luis Mata to represent him in a real estate title error. Defs.' Ex. G. (An accompanying affidavit from Mata relating to the real estate title error – identical in form to Mata's affidavit for the employment matter – was also filed on that date.) In the opening brief, Time Warner argues that the filing of that motion "indicates that Plaintiff realizes he has a duty to inform the Bankruptcy Court of matters leading to the employment of any attorney and the approval thereof," but plaintiff had not filed such a motion with regard to this employment case. As noted below, though, plaintiff did ultimately file a motion to employ Mata to represent him in an employment discrimination matter on September 15, 2006. In the reply brief, Time Warner then argues that plaintiff filed the latter motion to employ only in response to the present motion. Giving plaintiff the benefit of all inferences, it would appear that plaintiff intended for the motion to employ Mata in the employment matter to be filed on the same date as the corresponding affidavit, August 24, 2006. It would make little sense to just file an affidavit in support of a motion to employ and not file the motion. Any failure in that regard is likely attributable to plaintiff's bankruptcy attorney, and the error was ultimately corrected. Thus, the court finds

3

Case 4:04-cv-00651-HFS   Document 95   Filed 10/12/06   Page 3 of 14

On September 8, 2006, Time Warner filed the present motion, seeking dismissal on judicial estoppel grounds based on plaintiff's initial failure to disclose this case to the Bankruptcy Court. On September 15, 2006, in the Bankruptcy Court, plaintiff filed a motion to employ attorney Luis Mata for an employment discrimination matter (namely, this case). Despite the motion's reference Mata's affidavit being filed August 24, 2006, the Bankruptcy Court then required plaintiff to refile the affidavit, which he did on September 18, 2006. The motion to employ remains pending. To date, plaintiff has not amended his Statement of Financial Affairs or Schedule B to include this lawsuit against Time Warner as an asset.

Plaintiff asserts that his failure to initially disclose this case in his bankruptcy filings and his failure to initially disclose his bankruptcy case to Time Warner were inadvertent mistakes made by a layman. In an affidavit, plaintiff states that he did not graduate from high school and is not a lawyer. Plf.'s Ex. B at ¶¶ 3-4. He states that prior to his Chapter 13 bankruptcy filing, he had never sought bankruptcy protection; similarly, prior to this case against Time Warner, he had never been involved in a lawsuit. Id. at ¶¶ 5-6. He also states that "I did not realize that filing for bankruptcy was a civil or administrative proceeding." Id. at ¶ 7. Additionally, "[f]ailing to list my claim against Time Warner Cable on my bankruptcy form was an oversight, which I regret." Id. at ¶ 8. With regard to his bankruptcy, plaintiff states that "I have had no debts discharged through my bankruptcy," that "I have had no assets liquidated to pay off my creditors," that "[u]nder my bankruptcy plan, I intend to pay off one hundred percent of the money I owe to my creditors," and that "I have made all of my payments under the bankruptcy plan." Id. at ¶¶ 9-11, 15. He also states that "I sought Chapter 13 bankruptcy protection to avoid foreclosure on my home after I fell behind

---

nothing sinister or otherwise "telling" in the sequence of events.

4

on my mortgage payments following my termination at Time Warner Cable." Id. at ¶ 13. Finally, plaintiff states that "I had nothing to gain by neglecting to disclose my claim against Time Warner to the bankruptcy court." Id. at ¶ 14.

## II. Legal Standards

Time Warner styled its submission as a motion to dismiss or, in the alternative, motion for summary judgment. Because Time Warner attached documents outside the pleadings to its motion, and because plaintiff responded in kind by attaching similar documents to his opposition brief, the court construes Time Warner's motion as one for summary judgment and will apply the relevant legal standards. The court notes, however, that even if the legal standards governing a motion to dismiss were applied, the resolution of the motion would be the same.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464, 467 (1962). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party, and it must give that party the benefit of all reasonable inferences to be drawn from the evidence. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Luigino's, Inc. v. Stouffer Corp., 170 F.3d 827, 830 (8th Cir. 1999).

5

**III. Analysis**

Defendant asserts that plaintiff's remaining claim for retaliation is barred on judicial estoppel grounds, in that plaintiff took inconsistent positions in this court and the Bankruptcy Court as to the existence of employment discrimination claims against Time Warner.[5] "The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting 18 Moore's Federal Practice § 134.30 (3d ed. 2000)). Judicial estoppel is "an equitable doctrine invoked by the court at its discretion." Id. at 750. The purpose of judicial estoppel is to protect the integrity of the judicial process "by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. at 749. Factors to consider include (1) whether the party's later position was "clearly inconsistent" with its earlier position; (2) whether the party "has succeeded in persuading the court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 750-51. The Supreme Court noted that these three factors, while not "inflexible prerequisites or an exhaustive formula for determining the applicability of

---

[5]Time Warner does not challenge plaintiff's standing to bring this case. Although the Eighth Circuit has not addressed the question, the Courts of Appeal that have spoken on the issue have uniformly held that a Chapter 13 debtor has standing to pursue claims in his own name on behalf of the bankruptcy estate. See Crosby v. Monroe County, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004); Cable v. Ivy Tech State Coll., 200 F.3d 467, 472-74 (7th Cir. 1999); Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513, 516 (2d Cir. 1998); Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1209 n.2 (3d Cir. 1991). See also E.E.O.C. v. Apria Healthcare Group, Inc., 222 F.R.D. 608, 611-12 (E.D. Mo. 2004) (the district court cited Cable, Olick and Maritime and noted its belief that the Eighth Circuit would join those courts).

6

judicial estoppel," aid a court in determining whether to apply the doctrine. Id. at 751. In the recent case of Stallings v. Hussmann Corp., involving judicial estoppel relating to omissions in bankruptcy filings, the Eighth Circuit utilized the three factors from New Hampshire, as well as the consideration of inadvertence as advanced in New Hampshire and discussed later in this opinion. 447 F.3d 1041, 1047-49 (8th Cir. 2006). It reversed a dismissal of an employee's suit that was based on a failure to disclose an administrative complaint of wrongful termination in a Chapter 13 bankruptcy.

A debtor in bankruptcy has a duty to disclose all legal interests in property in his bankruptcy petition and filings. 11 U.S.C. § 521(a). The bankruptcy estate includes all legal or equitable interests of the debtor as of the commencement of the case. 11 U.S.C. § 541(a). Causes of action for monetary damages are property of the bankruptcy estate. United States ex rel. Gebert v. Transport Admin. Servs., 260 F.3d 909, 913 (8th Cir. 2001). Moreover, "a debtor's failure to list a claim in the 'mandatory bankruptcy filings is tantamount to a representation that no such claim existed.'" Stallings, 447 F.3d at 1048 (citation omitted). "In the bankruptcy context, a party may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." Id. at 1047.

As to the first judicial estoppel factor, plaintiff does not dispute that his respective positions in the Bankruptcy Court and in this court are "clearly inconsistent." Plaintiff filed this lawsuit against Time Warner on July 26, 2004, asserting various claims of employment discrimination. But when plaintiff filed his voluntary petition for Chapter 13 bankruptcy and the associated filings in

7

November 2004, he did not list his lawsuit against Time Warner. So, in this court, plaintiff is pursuing a claim against Time Warner that he represented did not exist to the Bankruptcy Court.[6]

With regard to the second factor, the court must determine if plaintiff succeeded in persuading the Bankruptcy Court to accept his position that he had no claims against Time Warner. Here, Time Warner argues that the Bankruptcy Court's confirmation of plaintiff's Chapter 13 plan was based on plaintiff's representations to that court in his filings and constituted acceptance or adoption of his position. Time Warner's opening brief cited In re Superior Crewboats, which found that "[a]doption by the court does not require a formal judgment; rather, it only requires 'that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.'" 374 F.3d 330, 335 (5th Cir. 2004) (citation omitted). In response, plaintiff contends that the Bankruptcy Court has not adopted his nondisclosure because his debts have not been discharged and his bankruptcy case remains open. He notes that the examples of adoption in Stallings and In re Superior Crewboats turned on the discharge of debt. Stallings, 447 F.3d at 1048; In re Superior Crewboats, 374 F.3d at 335.

In the reply brief, Time Warner has cited two Court of Appeals cases finding that the confirmation of a Chapter 13 plan constituted adoption – Lewis v. Weyerhaeuser Co., No. 04-5675, 2005 WL 1579713, at *4-5 (6th Cir. July 6, 2005); and Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005). The findings as to the adoption factor in these cases are factually

---

[6]The failure to schedule the suit in the bankruptcy case seems hard to justify, except by carelessness of bankruptcy counsel or plaintiff, or both. More understandable is the negative response to question 4 on the Statement of Financial Affairs which, on less than meticulous reading, may appear to relate to adversarial proceedings and to proceedings against a debtor, such as "executions, garnishments and attachments." Defs.' Ex. B.

8

distinguishable.[7] In Lewis, the bankruptcy court no doubt relied on the plaintiff's omission of her employment discrimination claim when it confirmed a Chapter 13 plan that required her to repay only 32 percent of her outstanding debts. Lewis, 2005 WL 1579713, at *1-5. Similarly, in Jethroe, after the plaintiff failed to disclose an employment discrimination claim, the bankruptcy court confirmed a Chapter 13 plan requiring the plaintiff to repay $9,000 of her $9,300 in secured debt, but the plan did not require her to repay any of her unsecured debt of $8,373. Jethroe, 412 F.3d at 600-01. The Fifth Circuit found that the acceptance factor was satisfied because the bankruptcy court "certainly confirmed Jethroe's plan at least in part based on its assessment of her assets and liabilities." Id. at 601.

By contrast, in the present case, the Bankruptcy Court likely did not rely to any measurable extent on plaintiff's omission of this lawsuit as an asset, given that the Chapter 13 plan it confirmed required plaintiff to repay 100 percent of all specified debts. In a strikingly similar case involving an omitted discrimination claim and a Chapter 13 plan requiring 100 percent repayment, a California district court found that the adoption factor was not satisfied. Donato v. Metropolitan Life Ins. Co., 230 B.R. 418, 423 (N.D. Cal. 1999). The Donato court reasoned that, at the hearing confirming the plaintiff's Chapter 13 plan, "Donato's failure to disclose her lawsuit against MetLife could not have been relied upon by the bankruptcy court, the bankruptcy trustee or Donato's creditors because even

---

[7] Time Warner also cited Tyler v. Federal Express Corp., 420 F. Supp. 2d 849, 856 (W.D. Tenn. 2005). Tyler is distinguishable because the adoption finding appears to be results-oriented due to the plaintiff's bad faith and persistence in concealing her claims from the bankruptcy court. When the defendant moved for summary judgment based on judicial estoppel, the plaintiff's response indicated that she was working to get her bankruptcy petition and schedules properly amended, but she failed to do so for more than 10 months, finally taking action only after the district court ordered her to show cause why the defendant's motion should not be granted on judicial estoppel grounds. Tyler, 420 F. Supp. 2d at 857-58. No such facts are presented in the present case.

9

if she had disclosed it, no creditor would have been able to receive more than 100 percent of its claim." Id. at 423. The same is true in the case at bar. Because this court is not convinced that the Bankruptcy Court relied on plaintiff's omission when it confirmed his Chapter 13 plan, the adoption factor is not satisfied.[8]

As to the third factor, the court must determine if plaintiff would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. The simple answer is no. In the opening brief, Time Warner argued that plaintiff stood to receive a windfall by failing to disclose this lawsuit: "Plaintiff has been able to secure a discharge in bankruptcy and keep the full benefit of any potential recovery in this cause of action for himself." The part about securing a discharge is a misstatement of fact, as plaintiff has not had any of his debts discharged through bankruptcy. On the contrary, the legal effect of his Chapter 13 plan requires him to pay 100 percent of all of his debts owed to all secured and unsecured creditors. Plf.'s Ex. A. Thus, unlike the plaintiffs in Lewis and Jethroe, plaintiff's nondisclosure of this lawsuit did not result in getting any of his debts reduced or discharged by the Bankruptcy Court. As in Donato, even if plaintiff had timely disclosed the lawsuit as an asset, his creditors could not have received any more than the 100 percent repayment that they are entitled to receive under the Chapter 13 plan and the applicable law.

In the reply brief, Time Warner argues, for the first time, that plaintiff may have had unsecured creditors that may have chosen not to file a proof of claim based on plaintiff's "representations of few assets." Time Warner has presented no evidence to support the existence of such creditors, and plaintiff remains obligated to them. Thus, there is no basis for finding that

---

[8] My understanding from arguments is that certain debts are unaffected by bankruptcy, and plaintiff remains obligated to pay them in full.

10

plaintiff derived an unfair advantage via nondisclosure, or that plaintiff imposed an unfair detriment upon any creditor. Time Warner also has not demonstrated that any unfair detriment was imposed upon it due to plaintiff's nondisclosure, as Time Warner was not one of plaintiff's creditors. See Stallings, 447 F.3d at 1051 (noting that the plaintiff would not derive an unfair advantage as the defendants were not his creditors and distinguishing cases in which the plaintiffs "brought claims against creditors that were involved in their bankruptcy, thereby seeking to gain a substantial advantage over them after their debts were discharged"). Thus, the court finds that the third judicial estoppel factor has not been satisfied.

Even assuming Time Warner could demonstrate that all three judicial estoppel factors had been satisfied, the court still has to determine whether plaintiff's failure to disclose his lawsuit against Time Warner was inadvertent or a mistake, such that judicial estoppel should not be applied. "We do not question that it may be appropriate to resist application of judicial estoppel 'when a party's prior position was based on inadvertence or mistake.'" New Hampshire, 532 U.S. at 753 (citation omitted). As the Stallings court explained, "judicial estoppel does not apply when a debtor's 'prior position was taken because of a good-faith mistake rather than as part of a scheme to mislead the court.'" Stallings, 447 F.3d at 1049 (quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 362 (3d Cir. 1996)). A rule that the requisite intent for judicial estoppel could be inferred from the mere fact of nondisclosure in a bankruptcy proceeding would "unduly expand the reach of judicial estoppel in post-bankruptcy proceedings and would inevitably result in the preclusion of viable claims on the basis of inadvertent or good-faith inconsistencies." Stallings, 447 F.3d at 1049 (citation omitted). Thus, "[c]areless or inadvertent disclosures are not the equivalent of deliberate manipulation," so courts "should only apply the doctrine as an

11

extraordinary remedy when a party's inconsistent behavior will result in a miscarriage of justice." Id.[9]

Here, plaintiff asserts that his belated disclosure of this lawsuit to the Bankruptcy Court and his belated disclosure of his bankruptcy to Time Warner were the inadvertent mistakes of a layman. Plaintiff notes that as soon as he "became aware of the need" to disclose the existence of this lawsuit to the Bankruptcy Court and to disclose his bankruptcy to Time Warner, he did so in short order. Indeed, on August 7, 2006, plaintiff served supplemental interrogatory answers to Time Warner disclosing the bankruptcy. Also on August 7, 2006, plaintiff's attorney in the present case, Luis Mata, signed and had notarized an affidavit stating that he had been employed to represent plaintiff in this case; the affidavit was filed by plaintiff's bankruptcy attorney in the Bankruptcy Court on August 24, 2006 – before Time Warner filed the present motion. Then, on September 15, 2006, plaintiff's bankruptcy attorney filed a motion to employ Luis Mata in this matter and referenced Mata's August 24, 2006 affidavit.[10] While it is unclear what happened that made plaintiff "become aware" of the need for disclosure, his behavior in informing both the Bankruptcy Court and Time Warner goes a long way toward showing that his initial failed disclosures were unintentional and resulted from inadvertent oversight, rather than deliberate manipulation. If plaintiff had truly intended to deceive the courts, he would have kept quiet.

---

[9]The court acknowledges that the Eighth Circuit's stance on inadvertence is somewhat more forgiving than that of some other Circuits. But even under a more demanding standard, the result would be the same.

[10]As explained in an earlier footnote, the affidavit was clearly intended to accompany a motion to employ, and the failure to file the motion to employ along with the affidavit was likely a mistake on the part of plaintiff's bankruptcy attorney.

12

The situation might have been different if Time Warner had independently discovered plaintiff's bankruptcy case and nondisclosure of this suit, and plaintiff had only disclosed the suit to the Bankruptcy Court as a result of the judicial estoppel motion. Compare De Leon v. Comcar Indus., Inc., 321 F.3d 1289, 1291-92 (11th Cir. 2003). Thus, to the extent Time Warner tries to liken plaintiff's actions to those of the plaintiff in De Leon, such an argument is unavailing. In any event I see some tension between De Leon and Stallings, and am obligated to take my direction from Stallings.

One final consideration in the inadvertence analysis is that, to date, plaintiff has not amended his Statement of Financial Affairs or Schedule B to reflect this lawsuit as an asset. Plaintiff's opposition brief does not directly address this issue. Relevant case law suggests that Chapter 13 debtors are required to amend their bankruptcy filings as necessary to reflect omitted liabilities and assets. It is possible that amended bankruptcy filings are in the works, and that plaintiff's bankruptcy attorney just has not filed them yet. Certainly plaintiff's filing of the motion to employ Mata and the accompanying affidavit show that he is not trying to hide this lawsuit from the Bankruptcy Court.[11] Therefore, the court finds that plaintiff's failure to disclose this lawsuit to the Bankruptcy Court was inadvertent.

In conclusion, because the court finds that only one of the New Hampshire factors has been satisfied and that, in any event, plaintiff's nondisclosure of this suit was inadvertent, the court will not exercise its discretion to dismiss plaintiff's remaining claim on judicial estoppel grounds. The

---

[11]Barring some written explanation from plaintiff that amended filings to reflect this suit are not required by bankruptcy law, the court assumes that the amended filings will be made in the Bankruptcy Court as soon as reasonably possible. Plaintiff should so inform bankruptcy counsel.

13

essential purpose of judicial estoppel is to protect the integrity of judicial system. Because facts in this case do not evidence a deliberate attempt to manipulate the courts or a "miscarriage of justice," and because defendant should not benefit from the mis-step in another court the court will not invoke the extraordinary remedy of judicial estoppel.

**IV.     Conclusion**

For the foregoing reasons, it is hereby

ORDERED that Time Warner's motion to dismiss or, in the alternative, motion for summary judgment (ECF doc. 82) is DENIED.

/s/ Howard F. Sachs<br>
HOWARD F. SACHS<br>
UNITED STATES DISTRICT JUDGE

October 12, 2006

Kansas City, Missouri

14